1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SALEEM ESTREMERA,                          )
                                           )
            Plaintiff,                     )            2:12-cv-00791-JCM-PAL
                                           )
vs.                                        )
                                           )            **ORDER**
WARDEN COLLINS, *et al.*,                  )
                                           )
            Defendants.                    )
_____/

        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an inmate.

Plaintiff has submitted a complaint and seeks leave to proceed *in forma pauperis*.  (ECF No. 1).

This matter has not been properly commenced because plaintiff submitted incomplete financial

paperwork.  Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, plaintiff must attach both an

inmate account statement for the past six months and a properly executed financial certificate.

Plaintiff has failed to submit an inmate account statement for the past six months.  Without the

complete printout showing daily account activity over the full six-month period, the court is unable

to assess whether the current balance on the financial certificate is representative of petitioner's

ability to pay.  The court is unable to see, *inter alia*, the regularity and amount of any incoming funds

as well as the extent to which petitioner is making discretionary expenditures that instead could be

applied to payment of the filing fee.

        It does not appear from the papers presented that a dismissal without prejudice would result

1   in a promptly-filed new complaint being untimely.  In this regard, plaintiff at all times remains

2   responsible for calculating the running of the limitations period as applied to his case and properly

3   commencing a timely-filed civil rights action.[1]

4         **IT THEREFORE IS ORDERED** that the application (ECF No. 1) to proceed *in forma*

5   *pauperis* is **DENIED** and that this action is **DISMISSED WITHOUT PREJUDICE** to the filing of

6   a new complaint in a new action with a properly completed pauper application with all new and

7   complete financial attachments in compliance with 28 U.S.C. § 1915(a).

8         **IT FURTHER IS ORDERED** that all pending motions are **DENIED.**

9         **IT FURTHER IS ORDERED** that the clerk of the court shall send plaintiff two copies of an

10  *in forma pauperis* application form for a prisoner, one copy of the instructions for same, two copies

11  of a blank 42 U.S.C. § 1983 prisoner civil rights form, and one copy of instructions for the same.

12  The clerk shall also send plaintiff a copy of the complaint and all documents submitted in this action,

13  at ECF No. 1.

14        **IT IS FURTHER ORDERED** that plaintiff may file a new complaint and *in forma pauperis*

15  application in a new action, but he may not file further documents in this action.

16        **IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

17        **IT IS FURTHER ORDERED** that this court **CERTIFIES** that any *in forma pauperis*

18  appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

19        Dated : August 23, 2013.

20

21                                           _____

                                 UNITED STATES DISTRICT JUDGE

22

23

---

24      [1] Section 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261,

25  266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Supreme Court has determined
the appropriate statute of limitations for all § 1983 claims, regardless of the facts or legal theory of the

26  particular case, is the forum state's statute of limitations for personal injury actions.  *Perez v. Seevers*,
869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989).  The statute of limitations
in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e).